11-1068-cv(L)
*Butnick et al. v. General Motors et al.*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 11th day of July, two thousand and twelve.

PRESENT:

    RALPH K. WINTER,
    JOSÉ A. CABRANES,
    SUSAN L. CARNEY,
        *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

ALVIN BUTNICK, *et al.*,

    *Plaintiffs-Appellants,*

    -v.-

GENERAL MOTORS CORP., GRUMMAN AEROSPACE CORP.,
NORTHROP GRUMMAN CORP., ORION BUS INDUS., INC.,
DAIMLER BUSES NORTH AMERICA, INC., NEW FLYER INDUS.
LTD., KPS CAPITAL PARTNERS, LP, HARVEST PARTNERS, INC.,
HARVEST PARTNERS FUND IV, LP, NEW FLYER INDUS. INC.,
NEW FLYER OF AMERICA, INC., NOVA BUS INC.,
TRANSPORTATION MANUFACTURING CORP., PREVOST CAR
(US) INC., DETROIT DIESEL CORP., CUMMINS INC.,
CATERPILLAR INC., NORTHROP GRUMMAN SYSTEMS CORP.,

Nos. 11-1068-cv(L);
11-1078-cv(CON);
11-1082-cv(CON);
11-1129-cv(CON);
11-2296-cv(CON);
11-2305-cv(CON);
11-2308-cv(CON);
11-2311-cv(CON)

1

*successor to* GRUMMAN AEROSPACE CORP., f/k/a NORTHROP
GRUMMAN CORP.,

    *Defendants-Appellees.*[1]

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

| | |
|---|---|
| **FOR APPELLANTS:** | DAVID C. FREDERICK, Kellogg, Huber, Hansen, Todd, Evans & Figel, P.L.L.C., Washington, DC (Scott K. Attaway, Kellogg, Huber, Hansen, Todd, Evans & Figel, P.L.L.C., Washington, DC, John E. Durst, Jr., The Durst Law Firm, P.C., Syosset, NY, John C. Dearie, Law Offices of John C. Dearie, New York, NY, *on the brief*). |
| **FOR APPELLEES:** | LISA S. BLATT, Arnold & Porter LLP, Washington, DC (Jonathan S. Martell, Kerri L. Stelcen, Arnold & Porter LLP, Washington, DC, David M. Rice, Alexander P. Imberg, Carroll, Burdick & McDonough, San Francisco, CA, John Patrick Hannigan, John A. Risi, Bleakley Platt & Schmidt, LLP, White Plains, NY, *on the brief*), *for Defendants-Appellees Detroit Diesel Corp. and Daimler Buses North America, Inc., f/k/a Orion Bus Industries, Inc.*; |
| | Gilbert S. Keteltas, Baker Hostetler LLP, Washington, DC, James H. Keale, Sedgwick, Detert, Moran & Arnold, LLP, Newark, NJ, *for Defendant-Appellee Caterpillar Inc.*; |
| | D. Alan Rudlin, George P. Sibley, Hunton & Williams, LLP (Richmond VA), Richmond, VA, *for Defendants-Appellees General Motors Corp., Grumman Aerospace Corp., Northrop Grumman Corp., and Northrop Grumman Systems Corp., f/k/a Northrop Grumman Corp. and successor to Grumman Aerospace Corp.*; |
| | Victor L. Prial, Hunton & Williams, LLP (NYC), New York, NY, *for Defendant-Appellee Northrop Grumman Systems Corp., f/k/a Northrop Grumman Corp. and successor to Grumman Aerospace Corp.*; |
| | David Wawro, Christopher M. Caparelli, Torys LLP, New York, NY, *for Defendant-Appellee New Flyer of America Inc.*; |
| | Thomas J. Maimone, Maimone & Associates PLLC, Mineola, NY, *for Defendants-Appellees Nova Bus Inc. and Prevost Car (US) Inc.*; |
| | Samuel Goldblatt, Nixon Peabody LLP, New York, NY, *for Defendant-Appellee Cummins Inc.* |

---

[1] The Clerk is directed to amend the official caption as indicated above.

Appeal from a judgment of the United States District Court for the Southern District of New York (Paul A. Crotty, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the February 16, 2011 judgment of the District Court be **AFFIRMED**.

Appellants appeal from a judgment of the District Court dismissing their consolidated complaints on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. We assume familiarity with the underlying facts and procedural history of this case, some of which we briefly recount here.

This appeal arises out of eight consolidated complaints filed by plaintiffs, New York City Transit and other New York bus company employees ("appellants"), alleging that defendants, manufacturers of diesel-fuel engines and of urban transit buses employing such engines, ("appellees") were liable for injuries arising from plaintiffs' inhalation of diesel exhaust fumes. Appellants argue that appellees negligently failed to warn appellants or their employers about the health hazards implicit in extensive exposure to such fumes, and that appellees negligently permitted the engines they manufactured to be built with "defeat devices" that could circumvent federal emissions requirements once the buses were placed in service.

In a memorandum and order issued on February 16, 2011, the District Court held that appellants' claims were preempted by Section 209(a) of the federal Clean Air Act (the "CAA"), 42 U.S.C. §§ 7401 *et seq.* Section 209(a) states, in pertinent part, that "[n]o State or any political subdivision thereof shall adopt or attempt to enforce any standard relating to the control of emissions from . . . new motor vehicle engines." 42 U.S.C. § 7543(a). Although appellants did not bring their claims pursuant to the CAA itself,[2] they "attempt[ed] to use the CAA to establish a standard [of care] with

---

[2] The District Court noted that the CAA provides no private right of action for damages. *Jackson v. Gen. Motors Corp.*, 770 F. Supp. 2d 570, 574 (S.D.N.Y. 2011). Because appellants do not purport to sue under the CAA, we do not address, much less decide, the question of whether there exists a private right of action for damages under that statute.

which they allege Defendants did not comply." *Jackson v. Gen. Motors Corp.*, 770 F. Supp. 2d 570, 574 (S.D.N.Y. 2011). The District Court held that the use of state common law to bring an "action that questions whether a defendant complied with standards promulgated under the CAA is an example of a state attempting to enforce the CAA, and is therefore subject to preemption." *Id.* at 575.[3] It therefore dismissed the consolidated complaints. *Id.* at 578–79.

On appeal, appellants allege that the District Court erred in: (1) dismissing as preempted by the CAA their state tort claims against the bus and engine manufacturers for (i) failure to warn appellants regarding the hazardous effects of diesel fumes and (ii) negligence related to the post-sale performance in ordinary use of vehicles containing emissions "defeat devices"; and (2) dismissing their claims for failure to adequately plead proximate causation under New York state law with respect to their failure-to-warn claims.

"The same standard applicable to . . . motions to dismiss [for failure to state a claim upon which relief can be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6),] applies to . . . motions for judgment on the pleadings [pursuant to Federal Rule of Civil Procedure 12(c)]." *Bank of New York v. First Millennium, Inc.*, 607 F.3d 905, 922 (2d Cir. 2010) (citation omitted). "[W]e review the grant of a . . . motion to dismiss *de novo*, 'construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor.'" *Chase Grp. Alliance LLC v. City of N.Y. Dep't of Fin.*, 620 F.3d 146, 150 (2d Cir. 2010) (quoting *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

---

[3] The District Court also observed that, because "New York State law requires employers to manage—and warn employees about—toxic substances in the workplace, any warnings provided by [appellees] would appear to be redundant." *Id.* at 578 (citations omitted). Accordingly, the Court held that appellants had not "adequately allege[d] that the [appellees'] alleged failure to warn was a proximate cause of [appellants'] injuries." *Id.*

We have carefully reviewed the record and the parties' arguments on appeal, and we affirm the judgment of the District Court for substantially the reasons stated in its thorough and well-reasoned memorandum and order of February 16, 2011.[4]

FOR THE COURT,

Catherine O'Hagan Wolfe, Clerk of Court

---

[4] We note, as did the District Court, that our ruling does not preclude plaintiffs from seeking relief for any violations of state law that may have been committed by their employers and that may have led, in whole or in part, to their injuries. *See id.* at 578. In so noting we of course intimate no view on the merits of any such possible claim.